■ FINLEY, KUMBLE, WAGNER, HEINE & UNDERBERG, Respondents, v JAMES K. WOLOSOFF, Appellant.—Order, Supreme Court, New York County, entered November 29, 1977, denying defendant's motion to amend his answer without prejudice to renewal before the trial court, unanimously reversed, on the law and the facts and in the exercise of discretion, and the

motion granted to the extent of permitting the interposition of the first three affirmative defenses and first counterclaim, and denying the motion with prejudice as to the fourth affirmative defense, second counterclaim and setoff, without costs or disbursements. Finley, Kumble, Wagner, Heine & Underberg (the law firm) had been retained by James K. Wolosoff (Wolosoff) in 1975 to negotiate, prepare and execute a separation agreement between Wolosoff and his estranged wife. The law firm brought this action to recover professional fees for services rendered. Wolosoff joined issue and asserted four affirmative defenses and two counterclaims. After intermediate motions were determined initially granting partial summary judgment and then vacating that determination and directing that the action go to trial, Wolosoff served the law firm with an amended answer reframing and enhancing the four affirmative defenses and two counterclaims into three related affirmative defenses and one counterclaim, and adding an entirely new fourth affirmative defense, counter claim and setoff. After a dispute over acceptance of the amended answer, Wolosoff made a formal motion for leave to file an amended answer. Special Term denied the motion to amend with leave to renew before the Trial Judge. We would reverse. We are mindful of the statutory mandate freely to allow leave to amend pleadings (CPLR 3025, subd [b]) and therefore find that leave to amend should have been granted regarding the first three affirmative defenses in the proposed amended answer. However, the fourth proposed affirmative defense deals with a claim unrelated to the issues framed by the original pleadings. Interposition of this defense should not be allowed at all since its inclusion would result in undue delay and prejudice to the plaintiff. Concur—Birns, J. P., Evans, Lane, Yesawich and Sandler, JJ.